EREeman, J.,
delivered the opinion of the Court.
"Williams sued Coffman in the Circuit Court of Henderson county for damages arising from an alleged breach, of contract to deliver one thousand *235 pounds of lint cotton in the year 1864. The declaration has two counts, or rather there are two declarations in the record, which may, for the purpose of this opinion, he treated as one declaration, with two counts in it. The first alleges in substance the following contract, to-wit: That complainant contracted to buy from defendant Coffman one thousand pounds of lint • cotton, and to pay him for it one thousand dollars; four hundred dollars in cash, balance on delivery of the cotton at Bunn "Waller’s gin, Henderson county, on or by the 15th day of November, 1864, said contract made on the 3d of October, 1864. He avers the payment of the four hundred dollars, and that he was ready and willing at all times to pay the balance of the money on the delivery of the cotton by defendant according to the terms of his contract. The breach alleged is, that the defendant did not deliver the cotton, or any part thereof, as he was bound to do, “ and complainant avers and charges that the defendant has never paid complainant his said money so advanced, or any part thereof, although often requested, and wholly refuses to comply with his said contract, or refund the money.” The second count avers the contract substantially as in the first, except that it avers that the cotton was “to be delivered by defendant at Bunn Waller’s gin on or about the —th day of November, 1864.” Readiness to perform his part of the contract is alleged on the part of plaintiff.
The breach alleged is, that defendant “ did not *236 deliver said cotton to the plaintiff, or any part thereof, as he was hound hy said contract to do, and has not performed Ms part of the same, although often requested.” The damages claimed are two thousand dollars. Defendant filed two pleas to each count of the above declaration, or to each declaration, making the same defense in all of them. The first is a plea denying the contract, averring that he did not undertake and promise in manner and form as alleged. The second in substance is a plea of performance, and avers “that he did deliver one thousand pounds of lint cotton at the gin of Bunn "Waller on the — day of November, to and for the use of said plaintiff,” and that he was notified thereof, and refused to receive the same, and pay for the same as he had contracted to do, and that he was then ready and willing to deliver to the plaintiff said cotton, and has ever since been ready and willing so to do on plaintiff’s paying him • one dollar per pound therefor. To these pleas as put in to the last declaration or count, there was a replication and issue regularly taken. To these pleas, as put in to the first declaration, there was a demurrer filed, which presented as ground of demurrer that the pleas did not admit or deny the allegation of the declaration, of payment of the four hundred dollars in said contract, nor claim that defendant had paid said money back to plaintiff.
In reference to this demurrer, we need but say that it was unnecessary for any useful purpose in *237 this case to the complainant, as by the Code all material allegations not denied by the pleas are to be taken as admitted, or true, for all the purposes of that issue. Code 2910. However, as the action of the Court was not invoked on this demurrer, it will be considered as waived by both parties, the jury having passed on the issues made by the pleas. See 3 Head, 602. The parties went to trial on the issues tendered by these pleas, and the jury found a verdict for plaintiff, as appears in the record, “ for the sum of four hundred dollars, the amount of the debt in plaintiff’s declaration mentioned, and a further sum of sisty-five dollars eighty cents, damages for the detention thereof,” upon which judgment was rendered by the Court, to reverse which an appeal in error is prosecuted to this Court. The finding of the jury is informal, and not responsive to the issues joined. Yet under the liberal provisions of the Code, it may be treated as a verdict in favor of the plaintiff in damages for the amount of the money paid in advance, as cash payment on the cotton, in an action for breach of contract to deliver the cotton at the time and place when and where it was contracted to be delivered. His Honor, the Circuit Judge, charged the jury, among other things: “If you find for the plaintiff, and find that cotton was worth more when it should have been delivered than when it was purchased, then you will give the plaintiff a verdict for the four hundred dollars advanced, and the difference between the price at the time of the *238 contract and what you find it was worth when the same should have been delivered by the terms of the contract, and may add thereto, interest if you chose. If, however, you find that the cotton was worth less when it should have been delivered than when the contract was made, you will give the plaintiff a verdict for the amount advanced, and interest thereon to the present time.” In these propositions there are inaccuracies such as the ■ statement “that if you find that cotton was worth more when it should have been delivered than when purchased, etc.” — that is; that the jury were to take the difference between the value of the articles when bought and when it was to be , delivered as a measure of damages. The true rule is the difference between the price, contracted to be paid, and the value at the time and place when and where it was to have been delivered. It may be that a purchaser has obtained a good bargain, and purchased the article at a less price than its value; and if the contract is a valid one, he is entitled to the benefit of all the advantages fairly to be received as the result of his trade. However, we, perhaps, would not reverse this case on this error alone, if everything else were out of the way, as it is probable the jury understood his Honor to refer to the contract price as the value at the time of the purchase, and it may be this was the idea he intended to convey to them. But passing from this, we hold his Honor did not announce the true rule for the assessment of damages in this case. *239 He assumes that the four hundred dollars advanced as cash payment, and the difference between the value, or price, of the cotton when it was purchased, and when it should have been delivered, is the measure of damages, where the article has risen in value, and where it has fallen;, and is worth less at the time when agreed to be'delivered than was contracted to be paid for it, that the money advanced, with interest up- to the time of trial, was the proper measure of damages.
In this his Honor erred. The true rule of damages may be thus laid down. Where the contract is executory, and no part of the price is paid at the time by the purchaser, and the seller fails, or refuses to deliver the article contracted for, in pursuance of his undertaking, then the measure of damages is the difference between the contract price, or sum agreed to have been paid, and the value of the article at the time when, and place where it was to have been delivered. This will rest on sound reason, and meets the justice of the case. The purchaser has his money agreed to be paid if the article had been delivered, and the seller has the article contracted to have been delivered. The seller has broken his contract, and for that, breach, should be required to pay such damages as have resulted from his violation of his contract. If he had performed his contract, the purchaser would have been compelled to pay the price agreed, but would have the article bought, at its increased value — if he gets this increased value by way of *240 damages he is made whole, and has lost nothing by the breach of the contract as between himself and the seller. See Sedgwick on Dam., ed. 1868, side p. 260, and authorities cited, note 1, top p. 296. Shepherd et als. v. Hampton, 3 Wh., Curtis’ ed., 200; Dana v. Fieldler, 2 Kern, N. Y. R., 48; 26 W. R., 341. If, however, the entire purchase money has been paid, and the article purchased not delivered, then in order that the purchaser shall be fairly compensated for the injury done him, he must, as near as may be, be placed in the situation he would have been in, had the seller complied .with his contract. The rule of damages, in this case, would be the entire value of the article at the time and place, when and where it was contracted to have been delivered, and the jury may, at discretion, give interest. 'When the law gives the party this value, he has received in compensation a sum which makes him whole, and he is worth on its receipt precisely what he would have been had he received the article .contracted for at the time. In other words, the seller has failed to deliver the article as agreed, but the law gives the purchaser its equivalent in value, in money, with which the parly may, if he choose, purchase the article in the market. Sedg. on Dam., top p. 311, 312. In case of part payment, as in this case, then the ■measure of damages under the above rule would be the value of so much cotton as was paid for by the advance payment at the time when the delivery was to have been made, and the difference *241 between the contract price of the balance not delivered, at the place it was to have been delivered, and its value at said time of delivery. Under these rules, if the article has risen in value, the purchaser gets the benefit of his contract; if it has fallen, he only gets the result of his contract; for, if he had received the article, he would have had it worth only its market price, whether it had risen or fallen in the market. Sedg. on Dam., 311. If the article purchased has not been paid for, and is not delivered, then no damages have occurred to the buyer if it has fallen in price, or is worth precisely what he had contracted to pay, and plaintiff would only recover nominal damages for the breach of the contract by the seller. Benj. on Sales, 671. These rules are subjected to some slight exceptions, as in case of contract to deliver stocks at a future day at a particular place, where there was no market for stocks, the value of such stocks in the principal stock, market of our cities may be referred to, to ascertain the value of stock at the time when such stocks were to have been delivered. Drake v. Snapp, 1 Col., 185. This being an action for damages for breach of contract, the above rules apply to it, and control the measure of damages. If the purchaser prefei’3 it, in such cases he may elect to sue in a different form of action, and recover back the purchase money paid. The rule is thus correctly laid down by Mr. Justice Rogers in delivering the opinion of the Supreme Court of Pennsylvania in the case of Smith *242 urst v. Woolston, 5 Watt & Serg., 106, “"Where the vendor fails to deliver the article bought, the purchaser may elect to rescind the contract, and recover back the money paid, or he may bring suit on the agreement, and recover the value of the article at or about the time it ought to have been delivered.” He says further, “The suit in this case is brought for breach of the agreement, the performance of which the defendant agreed to guarantee. It is therefore from necessity a suit in affirmance of the contract.” See also Allen v. Anderson, 3 Hum., R., 582, 583. It follows from this view of the case, .that his Honor the Circuit Judge, erred in these instructions to the jury, and the case must be reversed. "We forbear to comment on the evidence in the record, as the same must be re-tried before a jury, whose province it is, under proper instructions, to decide upon the facts.
Let the case be reversed, and remanded for another trial.